UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SACHA BARON COHEN, an individual, and PLEASE YOU CAN TOUCH, LLC, a California limited liability company,<br><br>    Plaintiffs,<br><br> v.<br><br>DOW THERAPEUTICS INC., a Massachusetts corporation, and EDWARD DOW III, an individual,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 21-11139-DJC |

## ANSWER BY DEFENDANT, EDWARD DOW III

The Defendant, Edward Dow III ("Dow"), hereby responds to the Complaint of Sacha Baron Cohen and Please You Can Touch, LLC ("Cohen" and "PYCT"), in accordance with their numbered paragraphs, as follows:

### NATURE OF THE ACTION

1.   As to the first sentence herein, there is no answer required.  (As used herein, the phrase "no answer required" shall mean that the paragraph contains conclusions of law and/or prayers for relief and not averments of fact, as to which an admission or denial is required.)  As the remainder of this paragraph purports to characterize the terms of an image, the Defendant refers this Court to the image itself and not to the Plaintiffs' characterization of it.  Dow expressly denies any characterization by the Plaintiffs of the Billboard inconsistent with the terms contained in it.

2.   As the first sentence herein purports to characterize the terms of an image, the Defendant refers this Court to the image itself and not to the Plaintiffs' characterization of it.  Dow expressly denies any characterization by the Plaintiffs of the Billboard inconsistent with the terms

contained in it. As to the remainder of this paragraph, Dow is without knowledge. (As used herein, the phrase "without knowledge" shall mean that Dow is without sufficient knowledge or information necessary to form a belief as to the truth of the allegation, and the Defendant therefore denies same.)

3. As to the first and third sentences, there is no answer required. Dow denies the second sentence herein.

## BACKGROUND

4. Without knowledge.

5. Without knowledge.

6. Without knowledge.

7. Without knowledge.

8. As to the first sentence herein, there is no answer required. As to the remainder of this paragraph, Dow is without knowledge.

9. Without knowledge.

10. Without knowledge.

11. No answer required.

12. No answer required.

13. As to the first sentence herein, there is no answer required. As to the remainder of this paragraph, Dow is without knowledge.

14. No answer required.

15. Without knowledge.

16. Without knowledge.

17. Dow admits the first three sentences herein and denies the fourth sentence. As to

the remainder of this paragraph, there is no answer required.

18. As this paragraph purports to characterize the terms of an image, the Defendant refers this Court to the image itself and not to the Plaintiffs' characterization of it. Dow expressly denies any characterization by the Plaintiffs of the Billboard inconsistent with the terms contained in it.

19. No answer required. To the extent an answer is required to this paragraph, it is denied.

## JURISDICTION AND VENUE

20. No answer required.

21. No answer required.

22. No answer required.

23. No answer required.

24. No answer required.

## PARTIES

25. Without knowledge.

26. Without knowledge.

27. Admitted.

28. Denied.

## FACTS

29. Without knowledge.

30. Without knowledge.

31. Without knowledge.

32. Without knowledge.

33. Without knowledge.

34. Without knowledge.

35. Without knowledge. Further, as this paragraph purports to characterize the terms of a document, the Defendant refers this Court to the document itself and not to the Plaintiffs' characterization of it. Dow expressly denies any characterization by the Plaintiffs of the Assignment Agreement inconsistent with the terms contained in it.

36. Without knowledge. Further, as this paragraph purports to characterize the terms of documents, the Defendant refers this Court to the documents themselves and not to the Plaintiffs' characterization of them. Dow expressly denies any characterizations by the Plaintiffs of the Assignment Agreement or registered copyrights inconsistent with the terms contained in them.

37. Without knowledge.

38. As this paragraph purports to characterize the terms of an image, the Defendant refers this Court to the image itself and not to the Plaintiffs' characterization of it. Dow expressly denies any characterization by the Plaintiffs of the Billboard inconsistent with the terms contained in it. Further answering, the Defendant is without knowledge as to the date referenced herein.

39. Denied.

40. As this paragraph purports to characterize the terms of an image, the Defendant refers this Court to the image itself and not to the Plaintiffs' characterization of it. Dow expressly denies any characterization by the Plaintiffs of the Billboard inconsistent with the terms contained in it.

41. As this paragraph purports to characterize the terms of an image, the Defendant refers this Court to the image itself and not to the Plaintiffs' characterization of it. Dow expressly denies any characterization by the Plaintiffs of the Billboard inconsistent with the terms contained

in it.

42. No answer required. Further answering, Dow is without knowledge as to the "Copyrighted Work" referenced herein.

43. Denied.

44. The first sentence herein is admitted to the extent that the Defendant is not associated or affiliated with Cohen and has not been authorized or licensed by him as alleged. As the remainder of this paragraph purports to characterize the terms of documents, the Defendant refers this Court to the documents themselves and not to the Plaintiffs' characterization of them. Dow expressly denies any characterization by the Plaintiffs of the copyrights, trademarks, cease-and-desist letter, or email exchanges inconsistent with the terms contained in them. Further answering as to the last sentence herein, the Defendant admits that it declined to compensate Cohen in the amount demanded by his counsel. The remainder of this sentence is denied.

45. No answer required.

### FIRST CLAIM FOR RELIEF

**(Violation of mass. Gen. Laws Ann. Ch. 214, § 3A
Against All Defendants by Mr. Baron Cohen)**

46. Defendant hereby realleges and incorporates by reference the responses contained in Paragraphs 1 through 45.

47. Without knowledge.

48. As this paragraph purports to characterize the terms of an image, the Defendant refers this Court to the image itself and not to the Plaintiffs' characterization of it. Dow expressly denies any characterization by the Plaintiffs of the Billboard inconsistent with the terms contained in it.

49. As this paragraph purports to characterize the terms of an image, the Defendant

refers this Court to the image itself and not to the Plaintiffs' characterization of it.  Dow expressly denies any characterization by the Plaintiffs of the Billboard inconsistent with the terms contained in it.

50. No answer required.

51. No answer required.

52. No answer required.

## SECOND CLAIM FOR RELIEF

**(False Endorsement (15 U.S.C. § 1125(a))
Against All Defendants by Mr. Baron Cohen)**

53. Defendant hereby realleges and incorporates by reference the responses contained in Paragraphs 1 through 52.

54. Without knowledge.

55. As this paragraph purports to characterize the terms of an image, the Defendant refers this Court to the image itself and not to the Plaintiffs' characterization of it.  Dow expressly denies any characterization by the Plaintiffs of the Billboard inconsistent with the terms contained in it.

56. No answer required.

57. No answer required.  Further, as this paragraph purports to characterize the terms of an image, the Defendant refers this Court to the image itself and not to the Plaintiffs' characterization of it.  Dow expressly denies any characterization by the Plaintiffs of the Billboard inconsistent with the terms contained in it.

58. No answer required.

## THIRD CLAIM FOR RELIEF

### (Infringement of Copyright (17 U.S.C. § 501)
### Against All Defendants by PYCT)

59. Defendant hereby realleges and incorporates by reference the responses contained in Paragraphs 1 through 58.

60. No answer required.

61. Without knowledge. Further, as this paragraph purports to characterize the terms of documents, the Defendant refers this Court to the documents themselves and not to the Plaintiffs' characterization of them. Dow expressly denies any characterizations by the Plaintiffs of the Assignment Agreement or Copyright Document inconsistent with the terms contained in them.

62. Without knowledge.

63. No answer required.

64. No answer required. Further, as this paragraph purports to characterize the terms of documents, the Defendant refers this Court to the documents themselves and not to the Plaintiffs' characterization of them. Dow expressly denies any characterizations by the Plaintiffs of the Billboard or Copyright Work inconsistent with the terms contained in them.

65. As this paragraph purports to characterize the terms of documents, the Defendant refers this Court to the documents themselves and not to the Plaintiffs' characterization of them. Dow expressly denies any characterizations by the Plaintiffs of the Billboard or Copyright Work inconsistent with the terms contained in them. Further answering, the Defendant denies having engaged in the exploitation alleged.

66. No answer required. Further, as this paragraph purports to characterize the terms of documents, the Defendant refers this Court to the documents themselves and not to the

Plaintiffs' characterization of them. Dow expressly denies any characterizations by the Plaintiffs of the Copyrighted Works inconsistent with the terms contained in them.

67. No answer required.

68. No answer required.

69. No answer required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiffs' claims are barred, in whole or in part, because the Defendant never intended to appropriate Plaintiff's image; rather, the Defendant made only an incidental use of the Plaintiff's image for the purpose of celebrating the 4/20 marijuana holiday.

### Third Affirmative Defense

The Plaintiffs' claims fail because the Billboard does not contain a false or misleading description of fact, nor does it have the tendency to deceive.

### Fourth Affirmative Defense

The Plaintiffs' claims fail because the Plaintiffs cannot demonstrate being damaged and in no event did the Defendant profit from the Billboard's message or depiction.

### Fifth Affirmative Defense

The Plaintiffs' claims fail because even if the Defendant used a registered mark belonging to the Plaintiff(s), the Defendant's use of such mark was not likely to cause confusion.

### Sixth Affirmative Defense

The Plaintiffs' claims are barred, in whole or in part, because the infringement, if any, was innocent.

### Seventh Affirmative Defense

The Plaintiffs' claims are barred, in whole or in part, by the doctrine of nominative fair use.

### Eighth Affirmative Defense

The Plaintiffs' claims are barred, in whole or in part, by the doctrine of statutory fair use.

### Ninth Affirmative Defense

The Plaintiffs' claims are barred, in whole or in part, because there was no actual consumer confusion and the Plaintiffs did not suffer any diversion of sales or lost profits because of the alleged infringing use. If anything, the goodwill associated with the character "Borat" was only enhanced for the benefit of Plaintiffs.

### Tenth Affirmative Defense

The Plaintiffs' claims are barred, in whole or in part, by the doctrine of *injuria absque damno* (legal wrong without damage).

### Eleventh Affirmative Defense

The Plaintiffs' claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex* (the law does not govern trifles).

### Twelfth Affirmative Defense

The Plaintiffs' claims are barred, in whole or in part, by principles of equity.

### Thirteenth Affirmative Defense

The Defendant reserves its right to assert other applicable affirmative defenses as may become available or apparent during discovery proceedings. The Defendant further reserves its right to amend its answer and/or affirmative defenses accordingly and/or delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, the Defendant, Edward Dow III, respectfully requests that this Court enter judgment or dismissal in his favor and award him costs of suit and reasonable attorney's fees as aforesaid for having to defend this action.

DEFENDANT HEREBY CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

**EDWARD DOW III,**

By his Attorneys,

/s/ Douglas B. Otto

Dated: December 16, 2021

Douglas B. Otto (BBO#555269)
Hannah Sfameni (BBO#705864)
DARROW EVERETT LLP
One Boston Place
Suite 2600
Boston, MA  02108
(617) 443-4500
dotto@darroweverett.com
hsfameni@darroweverett.com

## CERTIFICATE OF SERVICE

I, Douglas B. Otto, do hereby certify that a copy of the foregoing Answer has been filed through the Court's CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered NEF participants.

/s/ Douglas B. Otto

Dated: December 16, 2021

Douglas B. Otto