# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SACHA BARON COHEN, an individual, and PLEASE YOU CAN TOUCH, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SOLAR THERAPEUTICS INC., a Massachusetts corporation; and EDWARD DOW III, an individual,<br><br>Defendants. | Civil Action No. 1:21-CV-11139-DJC |

## [PROPOSED] STIPULATED PROTECTIVE ORDER
## REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiffs Sacha Baron Cohen ("Mr. Baron Cohen") and Please You Can Touch, LLC ("PYCT") and Defendants Solar Therapeutics Inc. ("Solar") and Edward Dow III ("Dow") (collectively, the "Parties," and each individually, as the context may require, as a "Party") anticipate that documents, testimony, or information containing or reflecting confidential, personal, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this proposed Stipulated Protective Order Regarding Disclosure and Use of Discovery Materials ("Order" or "Protective Order") setting forth the conditions for treating, obtaining, and using such information.

THEREFORE, it is hereby stipulated among the Parties and ORDERED:

I. <u>DEFINITIONS:</u>

A. "Action" means *Sacha Baron Cohen and Please You Can Touch, LLC* v. *Solar Therapeutics Inc. and Edward Dow III*, Case No. 1:21-CV-11139-DJC (D. Mass.), including any actions that may be consolidated therewith.

B. "Designating Person" means any Producing Party who designates Discovery Material as Protected Material.

C. "Discovery Material" means all items or information, including from any nonparty, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this Action pursuant to the Federal Rules of Civil Procedure, a court order, or any other agreement or stipulation by or among the Parties.

D. "Objecting Party" means any party that objects to the designation of any Discovery Material as Protected Material in accordance with the terms of Paragraph V herein.

E. "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this Action.

F. "Protected Material" means any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as provided for in this Order.

G. "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

H. "Termination Date" means the later of: (1) the date on which all claims of any Party are dismissed with or without prejudice, or (2) the date on which all appeals, reconsiderations, or remands have been exhausted following the entry of a final judgment by this Court.

II.     PURPOSES AND LIMITATIONS:

A.     Unless otherwise agreed by the Parties, Protected Material shall be used for the sole purpose of litigating this Action, and shall not be used or disclosed, directly or indirectly, for any other purpose whatsoever.

B.     Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth herein

C.     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).

III.    SCOPE:

A.     The protections conferred by this Order cover Protected Material, and also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel made in Court or in other settings that might reveal Protected Material.

B.     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or any Court filing, provided that the Party complies with this Order and, as appropriate, with any applicable rules regarding the filing under seal and use of material designated for protection. A Producing Party may consent in writing to the public filing and/or use of its Protected Materials by another Party.

C.     Nothing herein shall be deemed a waiver of a Party's right to object to the production of any document, communication, or other Discovery Material (including, without limitation, based on relevance, burden, expense, privilege, or other evidentiary immunity).

IV.    ACCESS TO AND USE OF PROTECTED MATERIAL:

A.     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this Action only for prosecuting,

defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party in a secure manner and at a location that ensures that access is limited to the persons authorized under this Order.

   B. Nothing in this Protective Order shall be construed to prevent counsel for a Receiving Party from advising their clients to this Action based in whole or in part upon Protected Materials, provided that counsel does not disclose the Protected Materials themselves, the content of those Protected Materials, or the fact of those particular Protected Materials' existence except as provided in this Order.

   C. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that has been lawfully acquired and is known to the Receiving Party independent of the Producing Party; (iii) that has been previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) consented to by the Producing Party; or (v) ordered by the Court.

   V. <u>DESIGNATING PROTECTED MATERIAL:</u>

   A. Any Producing Party may designate Discovery Material with either of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."

   B. Written discovery, documents (including electronically stored information ("ESI"), as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations in paragraph 5(a) may be so designated by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY," as appropriate, to each page of the written material that contains Protected Material at the time that such documents are produced or such information is disclosed, or as soon thereafter as the Producing Party notifies the Receiving Party of the confidential nature of the information or material disclosed. For digital files being produced, the Producing Party may mark each viewable page or image that contains Protected Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, and mark the medium, container, and/or communication in which the digital files were contained with the appropriate designation.

        C.     Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within twenty-one (21) days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time for designating the final transcripts as described above has passed, unless the Parties agree in writing or on the record or the Court orders otherwise. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order. Counsel for any Producing Party shall have the right to exclude from oral depositions any person, other than the deponent, deponent's counsel, counsel for the Parties, the stenographer and/or videographer (if any), who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such

Protected Material. Such right of exclusion shall apply only to the specific periods of examination or testimony that pertain to or relate to such Protected Material.

      D.    <u>Discovery Material Designated as "CONFIDENTIAL":</u>

         1. A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects information that the Producing Party believes in good faith qualifies for protection under Federal Rule of Civil Procedure 26(c). Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated "CONFIDENTIAL" only to:

         (a)  Counsel of record, including in-house counsel, and any other counsel for the Parties in this litigation, members of their firms and associates, associate attorneys, paralegals, legal assistants, clerical, and other regular employees of such counsel who are assisting in the conduct and/or management of this litigation;

         (b)  The Court, jury, and court personnel, pursuant to paragraph VIII and any applicable rules regarding the filing and/or use of materials designated for protection;

         (c)  Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper, pursuant to order entered upon notice to the parties;

         (d)  Witnesses in preparation for deposition or at deposition, but only in connection with their testimony in the Litigation and provided that each such witness signs the Agreement to Abide by Stipulated Protective Order attached hereto;

         (e)  Officers, directors, and employees (including in-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

         (f)  Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Abide by Stipulated Protective Order attached hereto;

(g) Outside experts retained by counsel for the litigation, provided that each expert signs the Agreement to Abide by Stipulated Protective Order attached hereto; and

(h) Any other person with the prior consent of the Producing Party or by the order of the Court.

E. <u>Discovery Material Designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"</u>:

1. A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if it contains or reflects sensitive personal information or information that is trade secret and/or commercially sensitive and that must be protected from disclosure.

2. All Protected Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be produced electronically or in hard copy, in a manner agreed to by the Parties or ordered by the Court. To the extent any such materials are produced electronically, the production media shall be encrypted with a passcode of at least 10 characters. Any electronic copies of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" maintained by a Receiving Party or its Counsel for archival, review, or use in prosecuting this action, shall also be maintained in an encrypted environment.

3. Printed copies of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" maintained by the Receiving Party must be kept in a locked storage container or room when not in use.

4. Except as expressly provided in this Order, absent express written permission from the Producing Party, the Receiving Party shall minimize the creation of copies, duplicates, or images (whether electronic or in hard copy) of Discovery Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Wherever possible, such

7

materials shall be referenced in correspondence between the Parties, in pleadings, or in Court filings by production Bates number, and images or copies of such materials shall not be included. To the extent that a Receiving Party reasonably needs to create copies, duplicates or images of such materials, the copies, duplicates, or images must be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order.

5. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's outside counsel of record in this action, as well as partners, associates, and other employees of any such counsel (including without limitation paralegals and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

(b) Receiving Party's in-house counsel, as well as employees of said in-house counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) The Court, jury, and court personnel, subject to paragraph VIII and any applicable rules regarding the filing and/or use of materials designated for protection;

(d) Document processing and hosting vendors, and graphics, design, and/or trial consulting services to whom disclosure is necessary for this litigation and who have signed the Agreement to Abide by Stipulated Protective Order attached hereto; and

(e) Any other person with the prior consent of the Producing Party or by the order of the Court.

VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS:

A. Timing of Challenges. If a Receiving Party plans to challenge a Producing Party's confidentiality designations by making an appropriate application to the Court, it must do so within forty-five (45) days of receiving the Protected Material. Upon a showing of

good cause for a longer time, a Receiving Party may challenge a Producing Party's confidentiality designations after the expiration of the forty-five (45) day period.

   B. <u>Method of Challenge.</u> A Party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith and must begin the process by serving a written objection upon the Producing Party. The Producing Party shall notify the challenging party in writing of the bases for the asserted designation within twenty-one (21) days of receiving a written objection. The Parties shall confer in good faith as to the validity of the designation within seven (7) days after the challenging party has received the Producing Party's bases for the asserted designation. If the Parties are unable to reach an agreement as to the challenged designation, the challenging party may make an appropriate application to the Court within the timeframe established by paragraph 7(a). Until a challenge to an asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the information or materials in question according to the original designation.

 VII. <u>USE AT DEPOSITION:</u>

  Any deponent may be shown or examined on any information, document or thing, irrespective of designation, if it appears that the witness authored or received a copy of it, or is employed by the Party who produced the information, document or thing, or if the Producing Party consents in writing to such disclosure. The disclosure of Protected Material to any such witness may be made only in connection with preparing that witness for a deposition or hearing, or during a deposition or hearing. Prior to the disclosure of such Protected Material to any such witness, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound by the terms of such Order, and shall secure the signature of such person on a copy of the Agreement to Abide by Stipulated Protective Order.

For depositions, the Receiving Party shall not prepare more copies of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" than are reasonably necessary for the deponent, his or her counsel, counsel for the Parties, and counsel of record expected to be in attendance. At the conclusion of the deposition, one (1) paper copy of any such document marked as a deposition exhibit may be retained by the Party who noticed the deposition as part of the official deposition record. All other copies of such documents brought to the deposition shall be collected and returned to the Producing Party or securely destroyed in a timely manner following the deposition.

VIII. <u>USE IN THIS ACTION:</u>

The status and designation of information or material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be lost or impaired by the use of such information or material in this Action or any appeal therefrom. Whenever any Protected Material must be filed with the Court, Parties shall file and/or lodge those papers in a manner that is consistent with the Federal Rules of Civil Procedure, Local Rule 7.2 of the United States District Court for the District of Massachusetts, the Federal Rules of Appellate Procedure, the First Circuit Local Rules, or the First Circuit Internal Operating Procedures, as applicable.

IX. <u>NON-PARTIES:</u>

A copy of this Protective Order shall be furnished to each non-party required to produce documents or who otherwise formally discloses information in response to discovery requests during this litigation. Such non-parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order.

X.  FILING PROTECTED MATERIAL:

Except as otherwise provided in this Order or otherwise ordered by the Court, any Party wishing to file any Protected Material must either: (1) obtain written permission from the Producing Party to file such material in the public record, or (2) move the Court for leave to file the Protected Material under seal pursuant to Local Rule 7.2. Unless and until the Court has ruled on such a motion, a Receiving Party may not file any Protected Material in the public record. Nothing herein shall preclude any Party from filing a redacted version of such a pleading, brief, exhibit, or other document in the public record that omits the Protected Material.

XI.  REDACTIONS:

Pursuant to and consistent with the Federal Rules of Civil Procedure, any Producing Party may redact information from the documents and things produced that the Producing Party reasonably and in good faith believes: (i) is subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity; or (ii) for which there is a substantial need to redact the information. The Producing Party shall denote any such redactions with a legend stating "REDACTED," as appropriate, or a comparable notice, and shall preserve an unredacted version of each such document. To the extent a dispute arises regarding the Producing Party's redactions, the Receiving Party may challenge any redaction consistent with the Federal Rules of Civil Procedure.

XII.  INADVERTENT DISCLOSURE OF PROTECTED MATERIAL:

A.  If any privileged or protected documents, records, and/or data are inadvertently disclosed to another party, such documents will not lose the privilege and/or protection attached thereto because the documents were inadvertently disclosed, nor may any

such documents, once identified, be used for any purpose (including, without limitation, during a deposition). After being notified of an inadvertent disclosure pursuant to Rule 26(b)(5)(B), and if a Party does not dispute the protected nature of the document(s), all copies of such document(s) shall be returned to the Producing Party or be destroyed within five (5) days of the notice.

B.  If a dispute arises concerning the protected nature of the document(s) that the Producing Party claims were inadvertently disclosed pursuant to Rule 26(b)(5)(B) and paragraph XII (A), the Parties shall meet and confer within 14 days from the date the dispute arises in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, within 14 days following the meet and confer, the Producing Party may file a motion seeking a protective order protecting the document(s) at issue from being further disclosed and requiring that the document(s) be returned to the Producing Party. In the event of such a motion for protective order, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity, or other immunity. The material that the Producing Party contends was inadvertently disclosed shall be treated as covered by the claimed privilege, work product immunity, or other immunity during the pendency of these discussions and any ensuing motion practice. The Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion for protective order is denied by the Court.

XIII.  **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER:**

A.  In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature

and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve, or confirm the destruction of, all copies of documents that it distributed or disclosed to persons not authorized to access such information and to ensure that no further or greater unauthorized disclosure and/or use of the improperly disclosed Discovery Material is made.

  B. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

 XIV. <u>EXPERT MATERIALS:</u>

  A. All matters concerning expert discovery shall be governed by the Federal Rules of Civil Procedure and the applicable local rules and standing order(s), to the extent not inconsistent with this Order.

  B. The following categories of documents and information need not be disclosed, are outside the scope of permissible discovery (including deposition questions), and are deemed to be attorney work product and confidential:

   1. A Consulting Expert's communications, documents, or electronic information made or prepared in connection with this Action including, but not limited to, communications sent to or received by counsel for the Party retaining the Consulting Expert(s);

   2. A Testifying Expert's drafts of: (i) expert reports, declarations, affidavits, opinions, written testimony, or work papers prepared in connection with this action or any other action; (ii) preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with this action or any other action; or (iii) other preliminary expert opinions or draft materials;

        3. Notes or summaries of a Testifying Expert, or persons working at the direction of a Testifying Expert, prepared in connection with this Action or any other action;

        4. Any comments, whether oral or written, related to an expert report or affidavit of a Testifying Expert prepared in connection with this Action by (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, (iii) or any person working at the Testifying Expert's direction; and

        5. Any communications, whether oral or written, between a Testifying Expert and (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, or (iii) any person working at the Testifying Expert's direction, including any information and things included in or attached to such communications, except to the extent they are directly relied upon by the expert in his or her expert report, declaration, affidavit, or testimony.

    C.    The Parties will make all disclosures required by Rule 26(a)(2)(B).

    D.    Nothing herein shall limit or waive any Party's rights to object for any reason to the admissibility of any opposing Party's expert submission into evidence or to the qualifications of any person to serve as an expert witness.

XV.    FINAL DISPOSITION:

Unless otherwise ordered or agreed in writing by the Producing Party, within forty-five (45) days after the Termination Date each Receiving Party must either destroy or return to the Producing Party all Protected Material and all copies, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 45-day deadline established herein that confirms all the Protected Material in its possession was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any Protected Material. This provision applies to all

Protected Material filed with the Court, including in pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product containing Protected Material.

XVI. <u>MISCELLANEOUS</u>:

A. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification, or relief from this Order, from the Court in the future.

B. <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the final termination of the above-captioned matter. The Court shall retain jurisdiction after the final termination of this matter to hear and resolve any disputes arising out of this Protective Order.

C. <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

D. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding. Stipulating to the entry of this Protective Order shall not prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any confidential information, nor prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

E. <u>Modification by Court</u>. The United States District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Order. All

disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Massachusetts. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

F. <u>Bound by Order</u>. All persons who have access to information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order acknowledge that they are bound by this Order and that they submit to the jurisdiction of this Court for purposes of enforcing this Order.

G. <u>Discovery Rules Remain Unchanged</u>. Except as expressly provided herein, nothing in this Order shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, or the Court's orders entered in this Action. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, or the Court's orders entered in this Action.

Dated:

STIPULATED AND AGREED TO BY:

By: /s/ Russell A. Smith
Russell A. Smith (Admitted *pro hac vice*)
rsmith@smithdehn.com
SMITHDEHN LLP
654 San Juan Avenue
Venice Beach
Los Angeles, California 90291
Telephone: (917) 239-5047
Telefacsimile: (646) 417-7974

David E. Condon (BBO # 642741)
dcondon@lccplaw.com
Bradford N. Louison (BBO #305755)
blouison@lccplaw.com
LOUISON, COSTELLO, CONDON &
PFAFF, LLP
101 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 439-0305
Telefacsimile: (617) 439-0325

*Attorneys for Plaintiffs*

SOLAR THERAPEUTICS INC.
And EDWARD DOW III,

/s/ Douglas B. Otto
Douglas B. Otto (BBO#555269)
Hannah Sfameni (BBO#705864)
DARROW EVERETT LLP
One Boston Place
Suite 2600
Boston, MA 02108
(617) 443-4500
dotto@darroweverett.com
hsfameni@darroweverett.com

*Attorneys for Defendants*

**SO ORDERED:**

Dated this _____ day of _____, 2022.

_____
The Honorable Denise J. Casper
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SACHA BARON COHEN, an individual, and PLEASE YOU CAN TOUCH, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> SOLAR THERAPEUTICS INC., a Massachusetts corporation; and EDWARD DOW III, an individual, <br><br> Defendants. | Civil Action No. 1:21-CV-11139-DJC |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I [recipient name], hereby certify that:

1. I have read the Protective Order entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only for the purpose of this litigation.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of Massachusetts solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5. I make this certificate this _____ day of _____, 2022.

_____

(SIGNATURE)