## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) on today's date.

Dated: January 28, 2022

                                      /s/ Russell Smith
                                      Russell Smith

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SACHA BARON COHEN, an individual, and PLEASE YOU CAN TOUCH, LLC, a California limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>SOLAR THERAPEUTICS INC.,[2] a Massachusetts corporation; and EDWARD DOW III, an individual,<br><br>    Defendants. | Civil Action No. 1:21-CV-11139-DJC |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Pursuant to Federal Rules of Civil Procedure 15(a)(2), Plaintiffs Sacha Baron Cohen ("Mr. Baron Cohen") and Please You Can Touch, LLC, ("PYCT") (collectively, the

---

[2] For the purposes of this motion, the original caption is being used. The attached proposed First Amended Complaint identifies the corporate defendant as SOLAR THERAPEUTICS INC. d/b/a SOLAR CANNABIS CO.

"Plaintiffs") move the Court for leave to file the attached First Amended Complaint ("FAC"). Plaintiffs, through their counsel, seek to incorporate additional facts to the Original Complaint ("Complaint") against the Defendants, Solar Therapeutics Inc. ("Solar") and Edward Dow III ("Dow") (collectively, the "Defendants").

Through their counsel, the Defendants have assented to this motion, subject to all appropriate defenses, and without agreeing to the characterizations or allegations contained in the motion or the proposed first amended complaint.

Through the FAC, Plaintiffs seek to assert additional facts regarding the unauthorized uses of the portrait, picture, image, likeness, and persona of Mr. Baron Cohen and his "Borat" movie character by the Defendants. This FAC seeks to establish the factual basis to support the Plaintiffs' copyright infringement claims under 17 U.S.C. §§ 101 *et seq.*, and violation under the Lanham Act of 1946 (codified at 15 U.S.C. §§ 1051, *et seq.*).

Further, shortly after the filing of the original Complaint and after the attendant publicity resulting from the public filing, Defendant Solar rebranded itself, changing its public name on its website and its social media and other publicity platforms from "Solar Therapeutics" to "Solar Cannabis Co." The Massachusetts Cannabis Control Commission licensing records confirm that Solar Cannabis Co. is now a d/b/a of Solar Therapeutics Inc. Accordingly, through the FAC, the Plaintiffs seek to amend the caption to accurately reflect Solar's current public name.

Plaintiffs filed the Complaint on July 12, 2021, alleging that the Defendants misappropriated the name and likeness of Mr. Baron Cohen and his copyright protected "Borat" character which had been assigned to PYCT. On September 13, 2021, Defendant Solar filed an answer to the Complaint (ECF #12) ("Solar's Answer") and Dow filed a motion to dismiss the complaint for failure to state a claim against him (ECF #15) ("Motion

4

to Dismiss"). On December 06, 2021, the Motion to Dismiss was denied on the grounds that the Plaintiffs' Complaint alleged unlawful conduct by Dow, with specificity. Accordingly, on December 16, 2021, Dow filed his answer to the Complaint (ECF #34) ("Dow's Answer"). Further, pursuant to Rule 26(a)(l) of the Federal Rules of Civil Procedure, the Parties made initial disclosures on December 14, 2021.

There will be no undue delay or prejudice to the Defendants from the filing of the FAC. No depositions have yet been taken in this action, and the amendment to the pleading will not require the Defendants to expend any additional resources to conduct discovery or prepare for trial. Further, the proposed amendments are not futile.

Accordingly, Plaintiffs respectfully request that leave to file the proposed Amended Complaint be granted.

## ARGUMENTS

### Leave to File the Amended Complaint Should Be Granted

Rule 15(a)(2) provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

As the Supreme Court has explained, leave is to be freely granted so that claims can be tested on their merits:

> leave to amend 'shall be freely given when justice so requires' … If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 15(a) is liberally construed and affords this Court broad discretion in granting leave to amend. Thus, in *Foman* the Supreme Court further held that Rule 15's mandate requiring leave to amend to be "'freely given when justice so requires' [ ] is to be heeded" and, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Given the liberal standard under Rule 15(a), the burden is on the party opposing the amendment to show prejudice, bad faith, or undue delay. *See Klunder v. Brown Univ.*, 778 F.3d 24, 35 (1st Cir. 2015) (affirming lower court's decision to allow amendment because the opposing party failed to establish prejudice).

Here, there has been no undue delay in seeking leave to amend. In light of the significant factual developments since Plaintiffs filed the Complaint in July 2021, namely, the additional unauthorized uses on t-shirts and the public name change of the corporate Defendant, form a good cause for amending the Complaint.

Similarly, there is no undue prejudice to the Defendants. The determination of whether prejudice occurs includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. *See e.g. EMC Corp. v. Pure Storage, Inc.*, 310 F.R.D. 194, 197 (D. Mass. 2015) (In support of its motion, Pure Storage explained that its newly proposed claims were closely related to its original claims, that the amended claims would not materially alter the scope or trajectory of the litigation, and that EMC would not be prejudiced by the amendment because the newly alleged facts were similar to the facts underlying Pure Storage's original claims. In light of

the defendant's representations that its proposed claims would not create any significant new discovery burdens, EMC did not oppose the motion. Accordingly, this court granted Pure Storage's motion to amend.)

In the instant case, no additional resources will be expended to conduct discovery. Depositions have not yet been taken, the the Defendants have yet to respond to document requests and interrogatories. Accoringly, there will be no repetition or duplication of discovery that will arise from the amended pleading. The proposed amended complaint does not involve raising any new legal theories. Further, the proposed amendment does not involve addition of any new defendants but seeks to amend the caption to merely reflect the corporate Defendants' accurate public name or pseudonym. No prejudice would result to Defendants in allowing the amendments under these circumstances.

Here, there is no apparent reason for denying the motion to amend, as none of the factors that may operate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should grant Plaintiff's leave to file the FAC.

Based on the above, the Plaintiffs believe there is no reason to deny the motion as it serves a legitimate purpose of establishing additional facts that substantiate the claims made in the Complaint and accurately identify the corporate Defendant.

## CONCLUSION

For all these reasons, Plaintiffs request the Court to grant leave to file the attached First Amended Complaint.

Dated: January 28, 2022

Respectfully submitted,

By: /s/ Russell A. Smith
Russell A. Smith (Admitted *pro hac vice*)
rsmith@smithdehn.com
SMITHDEHN LLP
654 San Juan Avenue
Venice Beach
Los Angeles, California 90291
Telephone: (917) 239-5047
Telefacsimile: (646) 417-7974

David E. Condon (BBO # 642741)
dcondon@lccplaw.com
Bradford N. Louison (BBO #305755)
blouison@lccplaw.com
LOUISON, COSTELLO, CONDON &
PFAFF, LLP
101 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 439-0305
Telefacsimile: (617) 439-0325

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system. I also certify that the foregoing document is being served this day on all registered participants as identified on the Notice of Electronic Filing.

Dated: January 28, 2022

/s/ Russell Smith
Russell Smith

8