**EXHIBIT A – PROPOSED FIRST
AMENDED COMPLAINT**

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SACHA BARON COHEN, an individual, and PLEASE YOU CAN TOUCH, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SOLAR THERAPEUTICS INC. d/b/a SOLAR CANNABIS CO., a Massachusetts corporation; and EDWARD DOW III, an individual,<br><br>Defendants. | Civil Action No. 1:21-CV-11139-DJC<br><br>Jury Trial Demanded |

**FIRST AMENDED COMPLAINT**

Plaintiffs are the film and television actor and celebrity Sacha Baron Cohen ("Mr. Baron Cohen") and his company, Please You Can Touch, LLC ("PYCT") (collectively, the "Plaintiffs"). By and through their undersigned attorneys, for their first amended complaint (the "Complaint") against cannabis company Solar Therapeutics, Inc. d/b/a Solar Cannabis Co. ("Solar Cannabis"), and its President, CEO, and Director Edward Dow III ("Dow") (collectively, the "Defendants"), the Plaintiffs allege as follows:

**NATURE OF THE ACTION**

1. This is an action for willful copyright infringement, false advertising, and violation of the Massachusetts statute against misappropriation of rights of publicity. Without permission of any kind, Dow and Solar Cannabis in 2021 deliberately featured the portrait, picture, image, likeness, and persona of Mr. Baron Cohen and his "Borat" movie character in a commercial billboard (the "Billboard") on a busy interstate highway in Massachusetts, and,

upon information and belief, on t-shirts and other materials (collectively with the Billboard, the "Advertising Materials") to advertise the sale of the Defendants' cannabis products. The following is a photograph of the Billboard, which, upon information and belief, reached hundreds of thousands of viewers per day for several weeks:



Upon information and belief, the following is a photograph of the front of one of the infringing t-shirts also created by Dow and Solar Cannabis to advertise and promote the Defendants' products:



2. By use of the Advertising Materials, the Defendants falsely have conveyed to the public that Mr. Baron Cohen has endorsed their products and is affiliated with their business. To the contrary, Mr. Baron Cohen never has used cannabis in his life. He never would participate in an advertising campaign for cannabis, for any amount of money. Mr. Baron Cohen never has been involved in advertising any commercial products or services anywhere in the United States or the United Kingdom, despite countless opportunities to do so.

3. Solar Cannabis and Dow knowingly misappropriated Mr. Baron Cohen's portrait, picture, image, likeness, and persona to increase the Defendants' sales revenues, which, upon information and belief, are approximately $26 million to $42 million per year. Upon information and belief, the Solar Cannabis and Dow believed Mr. Baron Cohen would not learn about the Advertising Materials, so they took a gamble, guessing they could copy and use Mr. Baron Cohen's image without ever having to pay for it. Solar Cannabis is now recognized as one of the top three cannabis companies on the east coast of the United States. In this action, Mr. Baron Cohen seeks market value compensation, statutory treble damages, and punitive and other damages, estimated to be in a total amount of at least $9 million.

## BACKGROUND

4. Mr. Baron Cohen is an internationally renowned actor, comedian, writer and producer. He is a 2021 winner of two Golden Globe Awards in relation to "Borat: Subsequent Moviefilm," for "Best Performance by an Actor," and as a producer for "Best Motion Picture – Musical or Comedy." He has been Nominated for three Academy Awards and three Primetime Emmy Awards. Mr. Baron Cohen has used the comedic devices of satire and parody in his films and television series, and through the characters he has developed and portrayed in them, to reach and educate people around the world on important social issues,

including ethnocentrism, proliferation of guns, racism, holocaust denial, homophobia, sexism, and anti-Semitism.

5. Mr. Baron Cohen helped organize the Stop Hate for Profit campaign, which has been successful in holding social media companies accountable for spreading hate and lies on their platforms. Mr. Baron Cohen is a leading advocate of this campaign.

6. Mr. Baron Cohen is highly protective of his image and persona, and those of his characters. Mr. Baron Cohen is very careful with the manner in which he uses his persona and his characters to interact with his fans and the general public.

7. The reason why Mr. Baron Cohen never has used cannabis is that he does not believe it is a healthy choice. With his "Ali G" character, portrayed by Mr. Baron Cohen in the HBO television series *Da Ali G Show*, Mr. Baron Cohen has spent much of his career making a mockery of "stoner" culture – a culture that the Advertising Materials overtly celebrate. In addition, Mr. Baron Cohen was born into an Orthodox Jewish family; he is an Observant Jew; and he is proud of his cultural heritage. He does not wish to be involved in the heated controversy among the Orthodox Jewish community about whether cannabis can be used under Jewish traditions, customs, and rules – a controversy in which many rabbinical leaders have stated that cannabis use is a violation of Jewish law.

8. Moreover, the sale and distribution of cannabis remains a federal crime everywhere in the United States, including Massachusetts. United States citizens continue to be prosecuted and imprisoned by federal law enforcement agents and courts for selling or using the products that the Defendants are advertising and selling. Most recently, last year the Biden Administration terminated a number of White House staffers simply because they once used cannabis.

9. For all of the above reasons, cannabis remains a controversial product that Mr. Baron Cohen has no interest in endorsing, promoting, or advertising. He would be appalled if

his young children were to discover, mistakenly or otherwise, that he was associated with the promotion of cannabis.

10. Mr. Baron Cohen has turned down countless opportunities to license his name and/or likeness for other commercial advertising in the United States. He believes such advertising would weaken his credibility as an actor and as a serious social activist. In one situation, Mr. Baron Cohen turned down a $4 million offer to appear in a car commercial. Mr. Baron Cohen and his company PYCT never have allowed their "Borat" character to be used for advertising or marketing of any product or service anywhere, other than television series or films involving Borat.

11. The measure of damages in a situation like this one typically is the amount of money the defendant company would have to pay for the same or another celebrity -- one who has reached similar stature in terms of professional achievement and commercial and critical success -- if that celebrity would have been willing to allow the use, and if the defendant company would have been willing to pay the market price.

12. The fact that the Defendants did not and do not want to pay Mr. Baron Cohen any amount or might not have paid any other celebrity any amount, is irrelevant. The legal test involves "a willing buyer." The fact is that Solar Cannabis and Dow knowingly used Mr. Baron Cohen's image and likeness and the copyright-protected Borat character without permission. They now must pay the reasonably established value of that use, which would have been paid by a willing buyer, as determined by expert testimony and other evidence.

13. This action is occurring in an environment where companies are willing to pay extraordinary sums to be associated with celebrities. For example, upon information and belief, celebrity Kim Kardashian is paid $300,000 per tweet for simply mentioning brand names on Twitter. Upon information and belief, a jury awarded $8.9 million to basketball star Michael Jordan against a grocery company for a magazine advertisement that included Mr.

Jordan's image without his permission. In the advertisement, there was no endorsement by Mr. Jordan, only a congratulatory message to him, which reached a smaller audience than the audience for the Advertising Materials here.

14. In situations like this one, where the Defendants have misappropriated not only the likeness of Mr. Baron Cohen, but also the copyright-protected character of Borat, they also are required to pay damages to the owner of copyright in the character. In the entertainment industry, the payment to the copyright owner typically is on an MFN (most favored nations) basis, such that the Defendants are obligated to pay the copyright holder the same amount (at a minimum) that they would be required to pay the celebrity. Because Mr. Baron Cohen's company, plaintiff PYCT, is the owner of all applicable copyright and other intellectual property interests in the Borat character, the Defendants are obligated to compensate both Mr. Baron Cohen and PYCT.

15. Mr. Baron Cohen played the character of Borat in the 2006 movie, *Borat: Cultural Learnings of America For Make Benefit Glorious Nation of Kazakhstan* ("Borat Movie") and its 2020 sequel, *Borat Subsequent Moviefilm: Delivery of Prodigious Bribe To American Regime For Make Benefit Once Glorious Nation Of Kazakhstan* ("Borat Subsequent Moviefilm") (collectively, the "Borat Films").

16. Mr. Baron Cohen's company, plaintiff PYCT, is the holder of the federally registered copyright in the Borat character.

17. Defendant Solar Cannabis is a domestic profit corporation in Massachusetts. Solar Cannabis is a cannabis dispensary that manufactures various types of marijuana and marijuana-infused products. Defendant Edward Dow III ("Dow") is its President and Director. All of the actions of defendant Solar Cannabis alleged in this Complaint were specifically and personally directed, controlled, ratified, approved, and implemented by Dow. In Massachusetts, a corporate officer is personally liable for a tort committed by the

corporation that employs him, if he personally participated in the tort by directing, controlling, approving, or ratifying the act that injured the aggrieved party. Accordingly, Dow is personally liable for the torts alleged in this Complaint.

18. Solar Cannabis and Dow not only used Mr. Baron Cohen's image, portrait and likeness on their Advertising Materials, but they also used the character Borat's physical pose, characterizations, style and gesture. In particular, they reproduced Mr. Baron Cohen's likeness by using a well-known image or portrait of Borat holding his thumbs up in conjunction with the phrase, "It's Nice!" The phrase, "It's Nice," used in the Advertising Materials, refers to the Borat catchword, "Nice!," often used by Borat in the Borat Films and known to the general public as one of Borat's catchwords.

19. The unlawful actions by Solar Cannabis and Dow amount to a willful and conscious disregard of the rights of Mr. Baron Cohen and PYCT, are knowingly false, and are intentionally designed to capitalize on the goodwill, recognition, and fame associated with Mr. Baron Cohen and his Borat character.

## JURISDICTION AND VENUE

20. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

21. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the claims alleged exceed $75,000. Further, this is a civil action arising under federal law, namely, the Lanham Act of 1946 as amended (codified at 15 U.S.C. §§ 1051, *et seq*.) and the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq*.

22. The pendent state law claims are so related to the federal claims that they form part of the same case or controversy pursuant to Article III of the United States Constitution.

The Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

23. This Court has personal jurisdiction over Solar Cannabis and Dow because their principal place of business is located in Somerset, Massachusetts, within the jurisdiction of this Court. The Court has personal jurisdiction over Dow because he resides in Bourne, Massachusetts, within the jurisdiction of the Court. Also, the wrongful acts described in the Complaint occurred in Massachusetts, within the jurisdiction of the Court.

24. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Dow resides within this District and the principal place of business of Solar Cannabis is located within this District, and the wrongful acts that led to the action occurred within this District.

## PARTIES

25. Plaintiff Baron Cohen is an individual and resident of Los Angeles, California, who is temporarily located in Australia.

26. Plaintiff PYCT is a California limited liability company with its principal place of business in Los Angeles, California. By assignment, PYCT holds all copyrights related to Borat, apart from those granted in connection with promotion and exploitation of the Borat Films.

27. Upon information and belief, Defendant Solar Cannabis is a Massachusetts domestic profit corporation, with its principal place of business at 1400 Brayton Point Road in Somerset, Massachusetts.

28. Upon information and belief Defendant Dow is a resident of Bourne, Massachusetts.

# FACTS

29. Mr. Baron Cohen's films, including the Borat Movie and the Borat Subsequent Moviefilm, have had a wide reach in the United States and internationally. The Borat Movie was the most successful comedy film in history. Borat Subsequent Moviefilm was the most watched motion picture of 2020. Mr. Baron Cohen has become a household name, globally, and his image and likeness, both personally and as Borat, are instantly recognizable by the public.

30. Borat, the Kazakh journalist character, was brought to life by Mr. Baron Cohen originally in UK television series, *The Ali G Show,* in the year 2000, and later became world-famous through the US television series on HBO, *Da Ali G Show,* and the Borat Films.

31. The Borat Movie was featured in multiple "top ten" lists of films in 2006, including those of the American Film Institute, *Time* magazine, *Rolling Stone*, and *Newsweek*. *Time* described Borat Movie as "the Bush-era movie *par excellence*" and "a treasure trove for future archeologists looking back on the first decade of the American 21st century." Since its release, the Borat Movie has grossed hundreds of millions of dollars in ticket and DVD sales worldwide.

32. Borat Subsequent Moviefilm premiered on the streaming media platform, Amazon Prime Video, where it became the most-watched film in Amazon's history.

33. Mr. Baron Cohen's on-screen persona, Borat, is so associated with Mr. Baron Cohen that it has become inseparable from his own image in the minds of the public. Mr. Baron Cohen has exclusively created and portrayed the character of Borat. The identity of Borat is now synonymous with the identity of Mr. Baron Cohen.

34. Borat as a character invokes the persona of Mr. Baron Cohen and is, therefore, of very significant commercial value. As mentioned above, companies often pay millions of dollars for endorsements and/or affiliations by a celebrity like Mr. Baron Cohen.

35. PYCT is the holder of the federally registered copyright in the Borat character (the "Copyrighted Work"). PYCT acquired the exclusive rights in the Borat character through a written assignment entered among Channel 4 and Fremantle Media Limited, and PYCT (the "Assignment Agreement"). The Assignment Agreement was executed on November 8, 2013, and the same has been recorded with the US Copyright Office under Document No. V9912D073 (Entire Copyright Document: V9912 D073 P1-2) on June 23, 2014.

36. The underlying copyrights in the Assignment Agreement are federally registered copyrights with the US Copyright Office under Registration Numbers: (1) PA0001124817; (2) PA0001124816; (3) PA0001124812; (4) PA0001148827; (5) PA0001148847; (6) PA0001138201; (7) PA0001240301; (8) PA0001240303; (9) PA0001240777; (10) PA0001240776; (11) PA0001240778; and (12) PA0001240774.

37. PYCT holds all the rights in relation to the character Borat, apart from those granted in connection with the promotion and exploitation of the Borat Films.

38. Upon information and belief, on or about April 9, 2021, Defendants put up an advertisement on an interstate highway billboard in Massachusetts promoting the Defendants' product and company by name.

39. Upon information and belief, Defendants Solar Cannabis and Dow intentionally instructed a digital artist to copy an instantly recognizable image of Mr. Baron Cohen playing Borat, for use in the Advertising Materials.

40. The Billboard featured Mr. Baron Cohen as Borat, next to the Defendants' company name, displaying an easily understandable two-thumbs-up gesture, with the phrase, "It's Nice!" The phrase, "It's Nice," used in the Billboard and other Advertising Materials refers to the Borat catchword, "Nice!," often used by Borat in the Borat Films. In so doing, the Defendants conveyed to the public that Mr. Baron Cohen was endorsing the Defendants' products and was affiliated with them.

41. The Billboard also accentuated the nature of Solar Cannabis as a cannabis dispensary by promoting the company as a "Sustainable Cannabis Co.," and by prominently including a cannabis-related slogan, "HAPPY 4/20!"

42. Without authorization of any kind, Solar Cannabis and Dow have misappropriated Mr. Baron Cohen's likeness to advertise and promote Solar Cannabis and its products. The Defendants also have reproduced and displayed the Copyrighted Work, without consent.

43. Hoping to benefit from Mr. Baron Cohen's influence, Solar Cannabis and Dow used Mr. Baron Cohen's likeness to promote their brand without consent.

44. Defendants are not associated or affiliated with Mr. Baron Cohen and have never been authorized or otherwise licensed by Mr. Baron Cohen to use his portrait, image or likeness, or any of his or PYCT's trade names or trademarks or copyrights, in connection with any goods or services. On April 24, 2021, Mr. Baron Cohen's attorney sent a cease-and-desist letter objecting to the wrongful actions of Solar Cannabis and Dow in relation to the Billboard described above. Subsequently, the Defendants informed the Plaintiffs' counsel that they removed the Billboard three days later, on April 27, 2021. Since then, they informed the Plaintiffs' counsel that distribution of the infringing T-shirts was halted. Yet the Defendants have declined to compensate Mr. Baron Cohen for the exploitation of his image and his Borat character for the benefit of the Defendants and their revenues.

45. The unauthorized use of Mr. Baron Cohen's identity, portrait, image and likeness by Solar Cannabis and Dow to promote the Defendants' brand and products is a blatant and willful violation of Mr. Baron Cohen's statutory right of publicity and constitutes false endorsement. Further, the use of the Copyrighted Work constitutes infringement of PYCT's copyrights under the Copyright Act.

## FIRST CLAIM FOR RELIEF

**(Violation of Mass. Gen. Laws Ann. Ch. 214, § 3A  
Against All Defendants by Mr. Baron Cohen)**

46. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

47. Mr. Baron Cohen is the owner of the rights of publicity in his portrait, picture, image, likeness, and persona.

48. Defendants Solar Cannabis and Dow have willfully and without written, verbal, or any other consent used Mr. Baron Cohen's portrait, picture, image, likeness, and persona.

49. Defendants Solar Cannabis and Dow used Mr. Baron Cohen's portrait, picture, image, likeness, and persona to advertise and promote their business and products.

50. The use of Mr. Baron Cohen's portrait, picture, image, likeness and persona by Solar Cannabis and Dow constitute an unauthorized use, in violation of Mass. Gen. Laws Ann. Ch. 214, § 3A.

51. As a direct and proximate result of this wrongful conduct, Mr. Baron Cohen has suffered, and will continue to suffer damages, in an amount to be proven at trial, estimated to be at least $9 million.

52. Defendants Solar Cannabis and Dow committed the unauthorized acts described above knowingly without Mr. Baron Cohen's consent, such that Mr. Baron Cohen should be awarded treble damages.

## SECOND CLAIM FOR RELIEF

**(False endorsement (15 U.S.C. § 1125(a))  
Against All Defendants by Mr. Baron Cohen)**

53. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

54. Mr. Baron Cohen owns all statutory and common law rights associated with his portrait, picture, image, likeness, identity and persona necessary for endorsement deals,

including the right to decide whether to associate his portrait, picture, name, image, likeness, identity or persona with any third-party for purposes relating to sponsorship and/or endorsement.

55. Defendants Solar Cannabis and Dow have used distinctive attributes of Mr. Baron Cohen's portrait, image, identity and likeness without permission by displaying the Advertising Materials with an image of Borat holding up two thumbs in the exact and distinct poses made by Borat in the Borat Films, along with the phrase, "It's Nice!," referring to the Borat catchword, "Nice," often used by Borat in the Borat Films.

56. This unauthorized use constitutes false or misleading representations of fact to falsely imply the endorsement of Defendants' business and products by Mr. Baron Cohen.

57. This unauthorized use of Mr. Baron Cohen's image is likely to confuse and deceive consumers as to Mr. Baron Cohen's sponsorship and/or endorsement of Solar Cannabis, and its products. Specifically, the use of Mr. Baron Cohen's portrait, image and likeness by Solar Cannabis and Dow is likely to cause consumers to mistakenly believe that jjrr is associated with Defendants or that he sponsors or endorses Defendants' products.

58. As a direct and proximate result of the acts of false endorsement set forth above, Mr. Baron Cohen has suffered actual damages in an amount to be proven at trial, estimated to be at least $9 million. Mr. Baron Cohen is entitled to relief available under the Lanham Act, 15 U.S.C. § 1117(a), for an award of actual damages and the disgorgement of Defendants' profits arising from their false or misleading act and costs of this action.

THIRD CLAIM FOR RELIEF

(Infringement of Copyright (17 U.S.C. § 501)
Against All Defendants by PYCT)

59. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

60. The Defendants have infringed PYCT's copyright in the Borat character.

61. PYCT acquired all the rights to the Borat character through an assignment agreement. The assignment was executed on November 8, 2013, and the same has been recorded with the US Copyright Office under Document No. V9912D073 (Entire Copyright Document: V9912 D073 P1-2) on June 23, 2014.

62. PYCT holds all the rights in relation to the character Borat, apart from those granted in connection with promotion and exploitation of the Borat Films.

63. Plaintiff PYCT is the owner of the exclusive rights under Section 106 of the Copyright Act in the Copyrighted Work.

64. Defendants Solar Cannabis and Dow reproduced and publicly displayed the Copyrighted Work by recreating the image of Borat in the Advertising Materials.

65. This exploitation of the Copyrighted Work is without Plaintiff PYCT's consent or authorization.

66. This unauthorized use has infringed Plaintiff PYCT's valid and existing copyrights in the Copyrighted Works.

67. These acts of infringement have been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff PYCT's rights.

68. As a direct and proximate result of the acts of copyright infringement set forth above, PYCT has suffered actual damages in an amount to be proven at trial, but estimated to be at least $9 million. Plaintiff PYCT is entitled to the full range of relief available under the Copyright Act, 17 U.S.C. § 504(b), including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from the acts of copyright infringement.

69. Plaintiff PYCT is further entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs seek judgment against each of the Defendants as follows:

1. On all claims for relief, an award of actual damages in an amount to be proven at trial, but estimated to be at least $9 million;

2. On the First Claim for Relief, an award of treble damages;

3. On any and all claims for relief, an award of punitive damages in an amount sufficient to deter unlawful conduct by the Defendants in the future;

4. On the Second and Third Claims for Relief, for the disgorgement of Defendants profits attributable to the alleged false endorsement or affiliation and the infringement of Plaintiff PYCT's intellectual property rights;

5. For a permanent injunction restraining and enjoining Defendants from using Mr. Baron Cohen's portrait, picture, images, likeness, persona and PYCT's copyrights;

6. For attorneys' fees and costs; and

7. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues and claims so triable.

Dated: January 28, 2021

           Respectfully submitted,

           Sacha Baron Cohen, and
           Please You Can Touch LLC

           By their attorneys,

           /s/ Russell A. Smith

           Russell A. Smith (admitted *pro hac vice*)
           SMITHDEHN LLP
           654 San Juan Avenue
           Venice Beach
           Los Angeles, California 90291
           Telephone: (917) 239-5047
           Telefacsimile: (646) 417-7974

                David E. Condon (BBO # 642741)
                Bradford N. Louison (BBO #305755)
                LOUISON, COSTELLO, CONDON & PFAFF, LLP
                101 Summer Street
                Boston, Massachusetts 02110
                Telephone: (617) 439-0305
                Telefacsimile: (617) 439-0325